Jhdge Underwood,
delivered the opiniou of the court.
This cause was before this court hereto* fore; The , decision is reported' in V Monroe, 212. Upon the return of the cause to the circuit court, the defendants in the action- succeeded on the trial. The lessors of the plaintiff relied on a patent to Mrs. Neal, including the land in controversy, bearing date tile 14th of July, 1806. The ejectment was commenced in 1822. The defendants relied on a patent to the heirs of Peter Sturgus, dated 14th February, 1809^ founded on a survey made the 29th of May, 1784, and a continued adverse possession for more than twenty years. In qrder to connect themselves with th,e patent- - to Peter Sturgus, the. defendants proved that they- had;, settled on the land, under his claim, in 1793 or 1794, and had continued to reside on it ever since. They gave, in evidence, a suit in chancery, instituted by John Philips, in 1786,against Margaret A. Sturgus, as heir at law of Peter Sturgus, for the purpose of recovering, specifically, three hundred' acres, part of the. tract pa* tented to the heirs of said-Peter. Ill 1794, the-court-entered a decree, requiring Margaret A. Sturgus, on her arrival at full age, to convey three hundred acres of the land, whi ch had' been laid off by commissioners, to the complainant, Philips; This suit was founded on • a written contract, signed by Peter Sturgus, bearing-date the 17thof July, 1780, in which saidPeter stipulated to convey three hundred acres, out of his preemption, to said Philips. 1't was proved, that Margaret A. Sturgus was the only child of said Peter Sturgus, deceased; that said Margaret intermarried with John Lemaster; that they were both dead, and that James S. Lemaster was the only issue and child of said Margaret. The defendants also gave, m evidence. *212 tbc record and' proceedings, in a- chancery 'suit, it/ which Worden pope was complainant, and James S. Lemaster and others were defendants. A report o f this case may be found in Y Litt., 76. The- covenant executed by Peter Sturgus, in 1780, may be there found', literally set out. It appears from the record, in this case, heretofore filed, and upon which the decision reported in V Monroe, 212, was given, that James S. Lemaster, in pursuance of the decree rendered in 1794, against his mother, did,' in June 182f, convey to John Philips, the three hundred acres of land, which had been laid off by commissioners, Í&1793, as required bran order of court.- But it does not appear that this deed from Lemaster to Philips was given in evidence upon the trial, on the' return of the- cause. Á deed from John Philips, dated J2th June, 1820, (but really executed on the 12th June, 1821, we suppose from the clerk’s certificate of its acknowledgment,) to Alexander Tilford, sen., Alexander Tilford, jr., Sally Bigham, and Jane Maxwell, for the three hundred acres aforesaid, and a deed from them to William Robertson, for the same land, bearing date the 27th day of February, 1822, were read as evidence by the defendants. A bond from David and Alexander Tilford to William Robertson, dated in 1794, conditioned to convey three hundred acres, part of Peter Sturgus’ pre-emption, was likewise given in evidence.
Upon the foregoing evidence, on the part of the de-fendants, being concluded,-after the plaintiff had proved title, the cdurtwas moved by the plaintiff, to instruct the jury, in substance, first, that the defendants were not protected, either by the statute of limitations prescribing twenty years as a bar to the. right of entry, or by the act limiting the commencement of suits to seven years-, after the acquisition of title coupled with possession, passed in 1809; and, second, that the records offered in evidence were not to be received as evidence of- a purchase, or contract for purchase by Philips, from Peter Sturgus; especially, because the original contract has not been offered in evidence, nor the inability of the defendants to produce it, shown. The court refused these instructions, and upon the application of the defendants, instructed the jury.in substance, that the plaintiff was barred by the limitation of seven years.
of lloos meneo mnmug until the e grant,
' These records were not legitimate evidence in the present suit, to prove a purchase or contract for purchase, Uctween Philips and P. Sturgus; because the parties 10 the present controversy were not parties to the cords offered in evidence. The last instruction asked for* was, therefore, literally' true, and might, in strictness, have been given. But it would not thence follow, that the records were altogether irrelevant, and proved nothing in this cause. On the contrary, we think that the decree in favor of Philips against the heir of Sturgus^rendered in .1794, didder se, vest an equity which connected Philips with the title of Sturgus, and which equity would continue until that decree should be reversed. There could have been no doubt on this point, if the deed from Lemaster, confirming the decree and rendering it irreversible, had been given in evidence on the last trial, in connexion with the records.
We think the court erred in refusing the fiisl struction asked by the plaintiff, and in giving its converse on the application of the defendants. The limitation of twenty years did not protect the defendants, because the patent to Mrs. Neal was not twenty years old when the action of ejectment was instituted; see the opinion in this case in V Monroe, also, Chiles vs. Calk, IV Bibb, 554. The seven years limitation did not protect them, because they failed to show any con-nexion with the claim of Sturgus, prior to the date of the deed from Philips to A. Tilford, &c., in 1820 or 1821. The act expressly declares, that “where the settler shall have acquired such title or claim, (meaning such as will connect him with a legal or equitable title, deducible from the public records,) after the time of the settlement made, the limitation shall begin to run only from the time of acquiring such titla.or claim 11 Dig., 385. Now, although the defendants gave in evidence, a bond from the Tilfords, dated in 1794, for a title to threo hundred acres, part of Sturgus’ preemption, there is not a particle of proof showing that the Tilfords had any interest in thatpre-emplion, until they obtained a deed from Philips, in 1820 or 1821. Robertson’s- bond on the Tilfords could not connect him, according to the principles of the statute, with Sturgus’ pre-emption right and claim, until they a title in law or equity. .Philips, in his deed, acknowledges the reception of thejmnsideraüon. in 1798, but *214 that is not sufficient to show that he had, at that timeor" before, sold the land to the Tilfords. We are, therefore, of opinion, that the defendants failed’ to-bring themselves within the protective operation of the act of 1809. We deem it premature to touch the question growing out of the savings, on acco unt of the disabilities provided for in the act of 1809.
Ifaggin, for plaintifis; Denny and Crittenden, for ’defendants.
The judgment is reversed, with costs, and the cause remanded, for a new trial not inconsistent with the prin- ■ ciples of this opinion.